**Commonwealth v. Thomas**

*Robert Ferrell, assistant district attorney,* for the Commonwealth.

*Jay Stillman,* for defendant.

KIESER, *J.,* July 21, 1992—The following opinion and order is made in consideration of the defendant's motion to suppress evidence filed by Jay Stillman, Esq., on behalf of the defendant Lowell A. Thomas Jr. The defendant is charged in criminal information no. 92-10,267 with two counts of driving under the influence, driving while operating privileges suspended or revoked, required financial responsibility, notification or change of name or address and finally, charge of windshield obstructions and wipers, pursuant to the Pennsylvania Motor Vehicle Code. The charges are the result of a stop of the defendant's vehicle on January 10, 1992. The facts as stipulated to are as follows:

On January 10, 1992, at approximately 3:40 a.m., Trooper R. Scott Hunter was on routine patrol southbound on State Route 15 in Armstrong Township, Lycoming County, when a 1981 Ford T-Bird bearing Pennsylvania registration WZN213 was observed proceeding south. The vehicle had an object suspended from the interior rearview mirror. Trooper Hunter of the Pennsylvania State Police

conducted a vehicle stop of the defendant's vehicle because of a tree air freshener hanging from the defendant's mirror. Upon approaching the vehicle the driver was observed seated behind the wheel. The driver identified himself as Lowell Archie Thomas Jr. Thomas had a strong odor of alcohol on his breath and blood-shot eyes. Thomas failed standardized field sobriety tests and was placed under arrest for DUI. The defendant was then taken to the Williamsport Hospital where he consented to a blood test, the results of which showed Thomas to have a blood-alcohol content of .17 percent.

## DISCUSSION

The defendant argues in his motion to suppress that the hanging of a tree air freshener from his rearview mirror did not constitute a traffic violation and therefore, Trooper Hunter lacked probable cause to stop the defendant's vehicle. Consequently, the defendant avers the stop was in violation of his rights guaranteed under the Fourth Amendment to the U.S. Constitution and Article 1, section 8 of the Pennsylvania Constitution.

The stop of the defendant's vehicle was predicated upon section 4524(c) of the Pennsylvania Motor Vehicle Code.[1]

---

1. "(c) *Other obstruction*—No person shall drive any motor vehicle with any object or material hung from the inside rearview mirror or otherwise hung, placed or attached in such a position as to materially obstruct, obscure or impair the driver's vision through the front windshield or any manner as to constitute a safety hazard." 75 Pa.C.S. §4524(c).

In this case the defendant does not deny he had a pine tree air freshener[2] hanging from his rearview mirror.

He does argue, however, that in order for the air freshener to constitute a violation, it would have to materially obstruct his vision. We agree.

This court, in ruling upon the defendant's motion to suppress, is cognizant of the need for an interpretation of 75 Pa.C.S. §4524(c), which is ambiguous in that it will bear two interpretations. This subsection, when read disjunctively, would make it a violation for any person to drive any motor vehicle with any object hung from the inside rearview mirror. It would also make it a violation to have any object otherwise hung in such a way as to materially obstruct, obscure or impair the driver's vision through the front windshield. By contrast, when this subsection is read conjunctively, it does not make the mere hanging of an object from the mirror a violation per se, but rather, it requires the hanging of an object from the rearview mirror to materially obstruct the driver's view, prior to having a violation of the section.

The Statutory Construction Act, 1 Pa.C.S. §1928, provides that all penal provisions shall be strictly construed; however, the canon of strict construction of a penal statue is not an inexorable command to override common sense and evident statutory purpose. *Commonwealth v. Yaste,* 166 Pa. Super. 275, 70 A.2d 685 (1950).

---

2. Although the air freshener in question is that of a miniature pine tree shape, this court notes that the car freshener has a vanilla aroma rather than pine.

The Commonwealth contends that section 4524(c) was intended to be read disjunctively, making it a violation to have any object hanging from a rearview mirror. This court disagrees. Section 4524, titled "Windshield Obstructions and Wipers" is divided into five subsections. Each subsection provides language prohibiting the use of objects or substances which materially obstruct or obscure a driver's clear view. The argument that section 4524(c) would make it a violation just to hang any object from the rearview mirror regardless of its propensity to obstruct or obscure would be inconsistent with the purpose for which this section was enacted, i.e., to make it a violation to impair the driver's clear view of the highway or any intersecting highway. Likewise, it goes against common sense that a violation occurs if an air freshener is hung from the rearview mirror, whether it materially obstructs vision or not, while the placing of the air freshener in another location, (such as being hung from a sun visor) is not a violation unless it materially obstructs the driver's vision.

In addition to the language and purpose of this statute this court is mindful of the Superior Court's decision in *Commonwealth v. Elliott,* 376 Pa. Super. 536, 546 A.2d 654 (1988), where the court said "Trooper Heckman observed an object hanging from the inside rearview mirror of the Elliott vehicle. *Believing that the object might materially obstruct the driver's view through the windshield,* a violation of section 4524(c) of the Motor Vehicle Code, Trooper Heckman pulled the vehicle over." *Id.* at 540, 546 A.2d at 656. (emphasis added) In addition,

the *Elliott* court stated that "Trooper Heckman had a reasonable belief based on his observations that the object hanging from the rearview mirror *obstructed the driver's view* in violation of §4524 of the Vehicle Code. Consequently, the initial stop of the Elliott vehicle was reasonable under the circumstance." *Id.* at 546, 546 A.2d at 659. (emphasis added) The *Elliott* case demonstrates that a violation does not lie just for the mere hanging of an object from the rearview mirror, but rather requires the hanging object to materially obstruct the driver's view. In this case there is no evidence of Trooper Hunter's belief, reasonable or otherwise, that the pine tree air freshener materially obstructed the driver's view. To that end, this court notes the following:

(1) There was no testimonial evidence presented at the hearing before this court upon the motion to suppress.

(2) Trooper Hunter was not present for the hearing on this motion.

(3) A stipulation was entered, by the parties, as to the facts of this case. They agreed that the affidavit of probable cause prepared and signed by Trooper Hunter adequately set forth the facts of this case.

(4) Nowhere in the affidavit of probable cause is it stated that Officer Hunter believed that the air freshener was obstructing the driver's view. The affidavit of probable cause merely states that the vehicle had an object suspended from the interior rearview mirror and that a stop was effected for that observed violation.

(5) The information filed in this matter lists as the sixth count, windshield obstructions and wipers, and states the following: "the defendant did operate a motor vehicle upon a highway with an object suspended from the interior rearview mirror."

Count 6 as set forth in the information and as commented on by the Superior Court in *Elliott, supra,* does not set forth a violation of the Vehicle Code because it does not allege any material interference of the driver's vision or view.

This court notes that, given the size of the pine tree air freshener (4 and one-half inches at its tallest point by 2 and one-half inches at its widest point), it is difficult to envision how the item could cause a material obstruction of the driver's vision or give rise to a reasonable suspicion that it caused such interference.

Therefore, given the above, this court finds no evidence that Trooper Hunter had a reasonable belief based upon his observations that the object hanging from the rearview mirror of Mr. Thomas' vehicle was materially obstructing, obscuring or impairing Mr. Thomas' clear view of the highway or any intersecting highway. Therefore, the defendant's motion to suppress will be granted.

## ORDER

And now, July 21, 1992, the defendant's motion to suppress all evidence derived from the illegal stop is granted.